UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 3:19-cv-769-J-34PDB

FREDREGUS ARNOLD,

      Plaintiff,
v.

EISMAN & RUSSO, INC., a Florida profit corporation,

      Defendant.
_____/

## PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS

The Plaintiff, FREDREGUS ARNOLD, by and through undersigned counsel, pursuant to Rule 11 of the Federal Rules of Civil Procedure, hereby files this Motion for Rule 11 Sanctions against Defendants and their counsel, and says:

**STATEMENT OF FACTS IN SUPPORT OF SANCTIONS**

The Defendants operated an engineering construction business. See Complaint at ¶17. The Plaintiff worked as a monitor and supervisor on the Defendant's construction sites and was paid an hourly rate of pay. *See* Defendant's Verified Summary (DE 14), attached as **Exhibit A**. During numerous weeks during the Plaintiff's employment, the Defendant failed to pay him overtime wages in accord with the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. §207. See Complaint at ¶¶19, 23, 24.

In this FLSA case, it is clear that the Defendant failed to properly pay overtime in certain weeks. Not only do some of the Plaintiff's paystubs show overtime being paid at a "straight time" rate (instead of at the rate of time-and-one-half), *but also,* the Verified Summary filed by the Defendant (DE 14), and sworn under oath, also show that the Plaintiff was not paid overtime

correctly:

    a.    For the pay period March 16, 2019 to March 22, 2019, the Defendants' own Verified Summary (DE 14) shows the Plaintiff worked a total of 73.75 hours (34.25 hours as a "Monitor" paid at an hourly rate of $15.00/hour + 26.5 hours as a supervisor at a rate of $24,00 per hour + *only* 13 hours of overtime paid at $22.50 per hour). Yet, notwithstanding working a total of 73.75 hours, the Plaintiff was only paid overtime for 13 hours (instead of 33.75). *See also* Paystub for March 16, 2019 to March 22, 2019, attached as **Exhibit B.**

    b.    For the pay period of April 27, 2019 to May 3, 2019, the Defendant's own Verified summary shows 83 hours were worked at $20.00 per hour, and $1,660.00 was paid— evidencing the Plaintiff was paid a "straight time" rate ($83 x $20 = $1,660). *See also* Paystub for April 27, 2019 to May 3, 2019, attached as **Exhibit C.**

    c.    For the pay period of May 4, 2019 to May 10, 2019, the Defendant's own Verified summary shows 63.75 hours were worked at $20.00 per hour, and $1,275.00 was paid— evidencing the Plaintiff was paid a "straight time" rate (63.75 x $20.00 = $1,275). *See also* Paystub for May 4, 2019 to May 10, 2019, attached as **Exhibit D.**

Notwithstanding that Defendant's own Verified Summary (as well as the paystubs attached hereto as exhibits) show that Plaintiff's hours in excess of 40 were paid at a "straight time" rate, the Defendants' Answer and Affirmative Defenses (DE 11) contains denials and factual statements which could not have been made in good faith had a "reasonable inquiry" been made by Defendant's counsel into the facts that are the basis of the Plaintiff's claim under the FLSA. Indeed, the following responses in the Defendants' Answer & Affirmative Defenses (DE 8) contain denials

that are simply not true, and even worse, are completely frivolous:

> **Paragraph 7 of Complaint:**
>
> **The venue of this Court over this controversy is based upon the following:   The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida**; . . .
>
> > **Defendant's Answer to Paragraph 7:**
> >
> > E&R denies that any unlawyful [sic] employment practices occurred. . . .
>
> **Paragraph 19 of Complaint:**
>
> **Plaintiff, ARNOLD was not paid time-and-one-half his regular hourly rate of pay for all his hours in excess of forty in each week.**
>
> > **Defendant's Answer to Paragraph 19:**
> >
> > **To the extent that Plaintiff was entitled to over-time, E&R properly compensated  Plaintiff**.
>
> **Paragraph 23 of Complaint:**
>
> **Plaintiff, ARNOLD's employment with the Defendant was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.**
>
> > **Defendant's Answer to Paragraph 23:**
> >
> > E&R denies the allegations contained in paragraph 23 of the Complaint.
>
> **Paragraph 24 of Complaint:**
>
> **During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours.  Plaintiff, ARNOLD was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.**
>
> > **Defendant's Answer to Paragraph 24:**
> >
> > E&R denies the allegations contained in paragraph 24 of the Complaint.

**Paragraph 26 of Complaint:**

**Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, ARNOLD at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due.**

**Defendant's Answer to Paragraph 26:**

**E&R denies the allegations contained in paragraph 26 of the Complaint.**

**Paragraph 30 of Complaint:**

**Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).**

**Defendant's Answer to Paragraph 30:**

**E&R denies the allegations contained in paragraph 30 of the Complaint.**

In addition to the foregoing, based on the fact that the Verified Summary and pay records *show* overtime is due to the Plaintiff, it was unreasonable for the Defendant to raise the following affirmative defenses:

**First Affirmative Defense:**

**Defendant is relieved of any liability to Plaintiff due to its good faith conformance and reliance on an administrative regulation, written order, ruling, approval, or interpretation by the Administrator of the Wage/Hour Division of the Department of Labor, or an administrative practice or enforcement policy of such agency.**

**Second Affirmative Defense:**

**Defendant did not know, or show reckless disregard for, whether its conduct violated the FLSA. At all times, Defendant acted in good faith and believed then and believes now that its actions fully comply with the FLSA.**

**Third Affirmative Defense:**

**Defendant cannot be held liable for liquidated damages in the circumstances of this case because Defendant at all times acted in good faith and had reasonable grounds for believing its acts or omissions were not a violation of**

> the FLSA and believed then and believes now that its actions fully comply with the FLSA.

**Fourth Affirmative Defense:**

> Plaintiff's claims may be barred by the doctrine of estoppel if Plaintiff fraudulently represented he worked certain hours, Defendant paid him for those hours, and Defendant reasonably relied on Plaintiff's representation to its detriment. In addition, Plaintiff's claims are barred to the extent alleged overtime was not made known to Defendant.

**Fifth Affirmative Defense:**

> Plaintiff's claims for unpaid wages, if any, are *de minimis* and are therefore not subject to payment and do not violate the FLSA.

Moreover, based on liability which is evidenced by the Defendant's own records and Verified Summary, the Defendant's prayers for relief (that the Complaint be dismissed with prejudice, and that judgment and fees/costs be entered in favor of the *Defendant*) are all frivolous.

## MEMORANDUM OF LAW

### A. Standard for Imposing Rule 11 Sanctions

A court may impose Rule 11 sanctions, after notice and reasonable opportunity to respond "where an attorney or party submits a pleading to the court that: (1) is not well-grounded in fact, i.e., has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose. See Fed.R.Civ.P. 11(b). Sanctions are warranted where counsel fails to make reasonably sure that no such defect exists in the claim or pleading. Baker v. Alderman, 150 F.R.D. 202, 206 (M.D. Fla. 1993). The rule "explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed. Id. at 208. The standard for assessing conduct under Rule 11 is objective; namely, whether the conduct was "reasonableness under the circumstances" and "what [it] was reasonable to believe at the time" the pleading was submitted. Baker v. Alderman, 158 F.3d 516, 524 (11th Cir.1998)

(emphasis added).

Rule 11 prohibits parties and their counsel from alleging facts without evidentiary support, even where such allegations are included in a pleading because of miscommunications between a party and his counsel. Top Entertainment, Inc. v. Ortega, 285 F.3d 115, 118 (1st Cir. 2002). It also is not defense to imposition of Rule 11 sanctions that the claim or pleading at issue was based solely on the client's personal beliefs. Mike Ousley Productions, Inc. v. WJBF-TV, 952 F.2d 380 (11th Cir. 1992. A pleading containing both frivolous and non-frivolous claims may still violate Rule 11. Dodd Insur. Servs., Inc. v. Royal Insur. Co. of America, 935 F.2d 1152, 1157-58 (10th Cir. 1991).

As set forth herein, simple mathematics shows that the Defendant failed to pay the Plaintiff all the overtime due. Yet, the Defendant stubbornly makes frivolous denials in the Answer, and asserts affirmative defenses that have no basis in law or fact.

WHEREFORE, the Plaintiff respectfully requests the Court grant the Plaintiff's Motion, order Defendant to pay attorneys' fees and costs, and impose monetary sanctions against both the Defendants and their counsel.

    Respectfully submitted,

    BOBER & BOBER, P.A.
    Attorneys for Plaintiff
    2699 Stirling Road, Suite A-304
    Hollywood, FL 33312
    Phone: (954) 922-2298
    Fax: (954) 922-5455
    peter@boberlaw.com
    samara@boberlaw.com

    By: s/. Peter Bober
    FBN: 0122955

**CERTIFICATE OF SERVICE**

I certify that the foregoing document is being served by email this October 16, 2019 (but not filed with the Court) in conformance Rule 11 FRCP, on all counsel of record or pro se parties identified on the attached Service List.

                                                s/.  Peter Bober

**SERVICE LIST**

John D. "Jack" Webb
JOHN D. WEBB, P.A.
Florida Bar Number: 051871
34 Cordova Street
St. Augustine, FL 32084
Telephone: (904) 803-4686
Primary Email:
jwebb@jackwebblaw.com
Secondary Email:
arichey@jackwebblaw.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FREDREGUS ARNOLD,

    Plaintiff,

v.

EISMAN & RUSSO, INC., a Florida corporation,

    Defendant.

_____/

Case No.: 3:19-cv-769-J-34PDB

## VERIFIED SUMMARY OF ALL HOURS WORKED

Defendant, Eisman & Russo, Inc., hereby files its Verified Summay of all Hours Worked (appended hereto), pursuant to this Court's Track Notice and FLSA Scheduling Order [ECF No. 4] entered on July 2, 2019.

Respectfully submitted this 15th day of October, 2019.

                                                  JOHN D. WEBB, P.A.

                                                *s/ John D. Webb*

                                                John D. "Jack" Webb
                                                Florida Bar Number: 051871
                                                34 Cordova Street
                                                St. Augustine, FL 32084
                                                Telephone: (904) 803-4686
                                                Primary Email:
                                                jwebb@jackwebblaw.com
                                                Secondary Email:
                                                arichey@jackwebblaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on this 15th day of October, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will electronically send a notice of electronic filing to all parties of record who have consented to such service.

                                **JOHN D. WEBB, P.A.**

                                *s/ John D. Webb*

                                John D. "Jack" Webb
                                Florida Bar Number: 051871
                                34 Cordova Street
                                St. Augustine, FL 32084
                                Telephone: (904) 803-4686
                                Primary Email:
                                jwebb@jackwebblaw.com
                                Secondary Email:
                                arichey@jackwebblaw.com

## VERIFIED SUMMARY OF ALL HOURS WORKED

| Week | Job | Position | Hours (Non-Overtime) | Pay Rate (Non-Overtime) | Overtime Hours (If Applicable) | Pay Rate (Overtime) | Total Hours | Total Pay |
|---|---|---|---|---|---|---|---|---|
| 12/06/18-12/14/18 | Mexico Beach | Monitor | 40 | $14.00 | 11.25 | $21.00 | 51.25 | $796.25 |
| 12/15/18-12/21/18 | Mexico Beach | Monitor | 26.25 | $14.00 | | | 26.25 | $367.50 |
| 12/22/18-12/28/18 | Mexico Beach | Monitor | 4.75 | $14.00 | | | 4.75 | $66.50 |
| 12/29/18-01/04/19 | Mexico Beach | Monitor | 40 | $14.00 | 12.25 | $21.00 | 52.25 | $883.75 |
| 1/5/2019-01/11/19 | Mexico Beach | Monitor | 40 | $14.00 | 14.75 | $21.00 | 54.75 | $869.75 |
| 01/12/19-01/18/19 | Mexico Beach | Monitor | 40 | $14.00 | 33 | $21.00 | 73 | $1,253.00 |
| 01/19/19-01/25/19 | Mexico Beach | Monitor | 40 | $14.00 | 29.75 | $21.00 | 69.75 | $1,184.75 |
| 01/26/19-02/01/19 | Mexico Beach | Monitor | 40 | $14.00 | 9.75 | $21.00 | 49.75 | $764.75 |
| 02/02/19-02/08/19 | Mexico Beach | Monitor | 12.25 | $14.00 | | | 12.25 | $171.50 |
| 02/09/19-02/15/19 | Mexico Beach | Monitor | 40 | $14.00 | 31.25 | $21.00 | 71.25 | $1,216.25 |
| 02/16/19-02/22/19 | DEP | Monitor | 40 | $15.00 | 41 | $22.50 | 81 | $1,522.50 |
| 02/23/19-03/01/19 | DEP | Monitor | 40 | $15.00 | 9.75 | $22.50 | 49.75 | $819.38 |
| 03/02/19-03/08/19 | DEP | Monitor | 40 | $15.00 | 40.25 | $22.50 | 80.25 | $598.75 |
| 03/09/19-03/15/19 | DEP | Monitor | 40 | $15.00 | 43.5 | $22.50 | 83.5 | $1,578.75 |
| 03/16/19-03/22/19 (excluding 03/20/19; 03/21/19) | DEP | Monitor | 34.25 | $15.00 | 13 | $22.50 | 47.25 | $806.25 |
| 03/20/19; 03/21/19 | DEP | Supervisor (Temporary) | 26.5 | $24.00 | | | 26.5 | $636.00 |
| 03/30/19-04/05/19 | Mexico Beach | Monitor | 5 | $14.00 | | | 5 | $70.00 |
| 04/06/19-04/12/19 | DEP | Monitor | 40 | $15.00 | 19.75 | $22.50 | 59.75 | $1,044.38 |
| 04/13/19-04/19/19 | DEP | Monitor | 40 | $15.00 | 21.5 | $22.50 | 61.5 | $1,083.75 |
| 04/20/19-04/26/19 | Mexico Beach | Supervisor | 25 | $20.00 | | | 25 | $500.00 |
| 4/27/2019-05/03/19 | Mexico Beach | Supervisor | 83 | $20.00 | | | 83 | $1,660.00 |
| 05/04/19-05/10/19 | Mexico Beach | Supervisor | 63.75 | $20.00 | | | 63.75 | $1,275.00 |

## VERIFICATION

Under penalties as provided by law, pursuant to 28 U.S.C. §1746, the undersigned certifies that he is authorized to make this Verification, and that the statements set forth in the foregoing Verified Summary of all Hours Work are true and correct.

Dated this 15 day of October, 2019.

Michael Greene
Chief Financial Officer
Eisman & Russo, Inc.

3

# EXHIBIT B

| Company Code | Loc/Dept | Number | Page |
|---|---|---|---|
| K1 / CXS 23018393 | 017 | 2815145 | 1 of 1 |

Eisman & Russo Inc
6455 Powers Ave
Jacksonville, FL 32217

## Earnings Statement 

Period Starting: 03/16/2019
Period Ending: 03/22/2019
Pay Date: 03/29/2019

Taxable Marital Status: Single
Exemptions/Allowances:   Tax Override:
  Federal:  Blocked    Federal:
  State:  0        State:
  Local:  0        Local:
Social Security Number: XXX-XX-XXXX

Fredregus Arnold

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 15.0000 | 34.25 | 513.75 | 7147.75 |
| Regular | 24.0000 | 26.50 | 636.00 | |
| Overtime | 22.5000 | 13.00 | 292.50 | 6064.51 |
| Gross Pay | | | $1,442.25 | $13,212.26 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | 0.00 | 0.00 |
| Social Security | -89.42 | 819.16 |
| Medicare | -20.91 | 191.58 |

| Net Pay Adjustments | this period | year to date |
|---|---|---|
| *Field Supplies | 0.00 | 5.00 |

Net Pay    $1,331.92

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 73.75 | 756.00 |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX1192 | XXXXXXXXX | 1331.92 |

Your Federal taxable wages this period are $1,442.25
* Excluded from Federal taxable wages

Eisman & Russo Inc
6455 Powers Ave
Jacksonville, FL 32217

Pay Date:    03/29/2019



Deposited to the account
Checking DirectDeposit

| account number | transit/ABA | amount |
|---|---|---|
| | XXXXXXXXX | 1331.92 |

Fredregus Arnold

# EXHIBIT C

| Company Code | Loc/Dept | Number | Page |
|---|---|---|---|
| K1 / CXS 23018393 | D1/ | 2907051 | 1 of 1 |

Eisman & Russo Inc
6455 Powers Ave
Jacksonville, FL 32217

**Earnings Statement**

ADP

Period Starting: 04/27/2019
Period Ending: 05/03/2019
Pay Date: 05/10/2019

Taxable Marital Status: Single
Exemptions/Allowances:       Tax Override:
  Federal: Blocked              Federal:
  State: 0                      State:
  Local: 0                      Local:
Social Security Number: XXX-XX-XXXX

Fredregus Arnold

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 20.0000 | 83.00 | 1660.00 | 10577.75 |
| Overtime | | | 0.00 | 6992.64 |
| Gross Pay | | | $1,660.00 | $17,570.39 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | 0.00 | 0.00 |
| Social Security | -102.92 | 1089.36 |
| Medicare | -24.07 | 254.77 |

| Net Pay Adjustments | this period | year to date |
|---|---|---|
| *Field Supplies | 105.00 | 110.00 |
| *Mileage | 52.50 | 52.50 |

Net Pay    $1,690.51

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 83.00 | 990.25 |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX1192 | XXXXXXXXX | 1690.51 |

Your federal taxable wages this period are $1,860.00
* Excluded from Federal taxable wages

Eisman & Russo Inc
6455 Powers Ave
Jacksonville, FL 32217

Pay Date: 05/10/2019

Deposited to the account
Checking DirectDeposit

THIS IS NOT A CHECK

| account number | transit/ABA | amount |
|---|---|---|
| [redacted] | XXXXXXXXX | 1690.51 |

Fredregus Arnold

# EXHIBIT D

## Earnings Statement — ADP

**Company Code:** K17CXS 23018393
**Loc/Dept:** 01/
**Number:** 2923449
**Page:** 1 of 1

Eisman & Russo Inc
6455 Powers Ave
Jacksonville, FL 32217

**Period Starting:** 05/04/2019
**Period Ending:** 05/10/2019
**Pay Date:** 05/17/2019

Taxable Marital Status: Single
Exemptions/Allowances:
- Federal: Blocked
- State: 0
- Local: 0

Tax Override:
- Federal:
- State:
- Local:

Social Security Number: XXX-XX-XXXX

**Fredregus Arnold**

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 20.0000 | 63.75 | 1275.00 | 11852.75 |
| Overtime | | | 0.00 | 6992.64 |
| **Gross Pay** | | | **$1,275.00** | **$18,845.39** |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | 0.00 | 0.00 |
| Social Security | -79.05 | 1168.41 |
| Medicare | -18.49 | 273.26 |

| Net Pay Adjustments | this period | year to date |
|---|---|---|
| *Field Supplies | 0.00 | 110.00 |
| *Mileage | 0.00 | 52.50 |

**Net Pay:** $1,177.46

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 63.75 | 1054.00 |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX1192 | XXXXXXXXX | 1177.46 |

Your federal taxable wages this period are $1,275.00
* Excluded from Federal taxable wages

---

Eisman & Russo Inc
6455 Powers Ave
Jacksonville, FL 32217

**Pay Date:** 05/17/2019

THIS IS NOT A CHECK

Deposited to the account
Checking DirectDeposit

| account number | transit/ABA | amount |
|---|---|---|
| | XXXXXXXXX | 1177.46 |

Fredregus Arnold