**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FREDREGUS ARNOLD,

       Plaintiff,

v.                                                    Case No.   3:19-cv-769-J-34PDB

EISMAN & RUSSO, INC., a Florida profit
corporation,

       Defendant.

_____

## <u>ORDER</u>

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 33;

Report) entered by the Honorable Patricia D. Barksdale, United States Magistrate Judge,

on May 1, 2020.   In the Report, Judge Barksdale recommends that the Joint Motion to

Approve Settlement (Dkt. No. 24; Motion to Approve Settlement) be granted, that Plaintiff's

Motion for Attorneys' Fees and Costs (Dkt. No. 26; Motion for Attorneys' Fees) be granted

in part, that judgment be entered, and that the case be dismissed with prejudice.   <u>See</u>

Report at 30.   The parties have no objections to the Report and Recommendation.   <u>See</u>

Joint Notice of *Non-Objection* to Magistrate Judge's Report & Recommendation (ECF #33)

(Dkt. No. 34).

The Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."   28 U.S.C. § 636(b).   If no specific

objections to findings of facts are filed, the district court is not required to conduct a <u>de</u>

<u>novo</u> review of those findings.   <u>See</u> <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir.

1993); <u>see</u> <u>also</u> 28 U.S.C. § 636(b)(1).   However, the district court must review legal

conclusions de novo.   See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

The Court has conducted an independent examination of the record in this case and a de novo review of the legal conclusions.   Plaintiff filed suit against Defendant for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (FLSA).   See Complaint for Damages and Jury Trial Demanded (Dkt. No. 1).   Thereafter, the parties engaged in settlement negotiations, which resulted in a resolution of the issues and claims raised in this case, with the exception of attorneys' fees and costs.   See generally Motion to Approve Settlement.   In the Motion for Attorneys' Fees, Plaintiff seeks an award of $7600 in attorney's fees and $440 in costs.   See generally Motion for Attorneys' Fees.   Defendant opposes the amount of attorney's fees requested, specifically Defendant challenges the hourly rate as well as the number of hours billed. See generally Response in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. No. 30).   In the Report, Judge Barksdale recommends the Court award costs in the amount of $440 and that the Court find that an award of $6650 in attorney's fees is reasonable.   See Report at 30.

Upon review of the record, including the Report, Motion to Approve Settlement, and Motion for Attorneys' Fees, the undersigned concludes that the settlement represents a "reasonable and fair" resolution of Plaintiff's claims and that the award of $6650 in attorney's fees and $440 in costs is appropriate.   Accordingly, the Court will accept and adopt Judge Barksdale's Report.

In light of the foregoing, it is hereby

**ORDERED:**

1.      The Report and Recommendation (Dkt. No. 33) is **ADOPTED** as the opinion
of the Court.

2.      The Joint Motion to Approve Settlement (Dkt. No. 24) is **GRANTED**.

3.      For purposes of satisfying the FLSA, the settlement is **APPROVED**.

4.      Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. No. 26) is **GRANTED,
in part, and DENIED, in part**.

       a.      The motion is **GRANTED** to the extent that the Clerk of the Court is
directed to enter Judgment for Plaintiff Fredregus Arnold and against
Defendant Eisman & Russo, Inc. for $2000 for wages, $6650 for
attorney's fees, and $440 for costs, plus interest on the attorney's fees
and costs under 28 U.S.C. § 1961(a) from the date of the fee and cost
judgment.

       b.      Otherwise, the motion is **DENIED**.

5.      This case is **DISMISSED WITH PREJUDICE**.

6.      The Clerk of the Court is directed to terminate any pending motions or
deadlines as moot and close this file.

**DONE AND ORDERED** in Jacksonville, Florida this 28th day of May, 2020.

MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record